```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                        :
JOHN BATTLE, et al.,                    :   CIVIL ACTION NO. 01-5702 (MLC)
                                        :
     Plaintiffs,                        :   MEMORANDUM OPINION
                                        :
     v.                                 :
                                        :
H. WILLIAM RUTHERFORD, et al.,          :
                                        :
     Defendants.                        :
                                        :
```

**THE COURT** having ordered the plaintiffs on November 9, 2005, to proceed with the prosecution of this action by December 1, 2005, or the Court would dismiss the complaint for lack of prosecution ("November 2005 Order") (11-9-05 Ord.); and the Court having issued the order after the plaintiffs had failed to prosecute the action for over 120 days, see L.Civ.R. 41.1(a), Fed.R.Civ.P. 41(b) (dkt. entry no. 22); and it appearing that (1) the plaintiffs have failed to comply with the November 2005 Order, and (2) an additional 120 days have elapsed since the November 2005 Order was issued; and

**IT APPEARING** that a Court, when deciding whether to dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 41(b), must balance:

> (1) the extent of the party's personal responsibility;
> (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other

>than dismissal, which entails an analysis of
>alternative sanctions; and (6) the meritoriousness of
>the claim or defense

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); and

**THE PLAINTIFFS** failing to (1) comply with the Court's November 2005 Order, which was issued after the plaintiffs had initially failed to prosecute the action for more than 120 days, or (2) prosecute the action at all since the Court — 120 days ago — issued the November 2005 Order; and thus the Court concluding that the plaintiffs have (a) become personally responsible for the delay, (b) become dilatory, and (c) demonstrated willful conduct; and thus the first, third, and fourth Poulis factors weighing against the plaintiffs; and

**THE COURT** concluding the delay in prosecution — including the failure to proceed as directed by the Court — has prejudiced the defendants in any potential defense of this four-year-old action; and thus the second Poulis factor weighing against the plaintiffs; and the Court affording the plaintiffs — and the plaintiffs failing to take advantage of — every opportunity to proceed; and the Court concluding a sanction other than dismissal will engender more delay and be ineffective; and thus the fifth Poulis factor weighing against the plaintiffs; and the Court, due to the plaintiffs' dilatory conduct, being unable to discern

whether the claims herein have merit; and thus the Court deeming the sixth Poulis factor to be neutral; and

**THE COURT** balancing the aforementioned six factors; and it appearing that the complaint should be dismissed for failure to prosecute; and thus the Court intending to dismiss the complaint pursuant to Rule 41(b) and Local Civil Rule 41.1(a); and the Court, as to Local Civil Rule 41.1(a), being authorized to impose harsh penalties when enforcing the Local Civil Rules, see Kabacinski v. Bostrom Seating, No. 03-1986, 2004 WL 628867, at *3 n.3 (3d Cir. Mar. 30, 2004), United States v. 11 Vehs., Their Equip. & Accessories, 200 F.3d 203, 214 (3d Cir. 2000); and for good cause appearing, the Court will issue an appropriate order and judgment.

                                      s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge